**LATHROP GPM LLP**
Ronald A. Valenzuela (State Bar No. 210025)
ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Tel: (310) 789-4600 Fax: (310) 789-4601

Richard P. Beem (*pro hac vice* forthcoming)
richard.beem@lathropgpm.com
155 North Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: (312) 920-3300 Fax: (312) 920-3301

Attorneys for Plaintiffs RODE Microphones, LLC
and Freedman Electronics PTY Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| RODE MICROPHONES, LLC; and FREEDMAN ELECTRONICS PTY LTD., | Case No. _____ |
| Plaintiffs, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION** |
| v. | |
| FEAM GMBH, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiffs RODE Microphones, LLC ("RØDE") and Freedman Electronics Pty. Ltd. ("Freedman") (together, "Plaintiffs") allege as follows against Defendant FEAM GMBH ("Defendant"):

50503949v2

## PARTIES

1.    RØDE is a company organized and existing under the laws of Delaware, with a principal place of business at 2745 N. Raymond Ave., Signal Hill, California 90755.

2.    Freedman is a company organized and existing under the laws of Australia, with a principal place of business at 107 Carnarvon Street, Silverwater NSW, Australia 2128.

3.    Defendant is a limited liability company organized and existing under the laws of Switzerland, with a place of business at Im Alexander 4 8500 Frauenfeld, Switzerland.

## JURISDICTION AND VENUE

4.    This is an action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has federal jurisdiction over these claims under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws).

5.    This Court has personal jurisdiction over Defendant because it has purposefully committed, and continues to commit, acts within the State of California from which Plaintiffs' claims arise. In particular, as alleged herein, upon information and belief, Defendant purposefully availed itself of the privilege of conducting activities in the State of California by advertising its products to California residents and transacting with and shipping infringing products to California residents via Amazon.com, which has operations in California. Plaintiffs' claims arise out of Defendant's infringing actions, and the exercise of jurisdiction in this case would be reasonable.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION

50503949v2

6.    Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to the claims occurred in this Judicial District.

## FACTUAL BACKGROUND

**RØDE'S Background and Products**

7.    RØDE is among the world's preeminent manufacturers of audio technology. Its parent company, Freedman, originally opened as a small electronics shop in Australia in 1967. Freedman launched RØDE in 1990 in response to the booming demand for affordable, high-quality audio recording equipment.

8.    RØDE has achieved extraordinary commercial success. RØDE's studio microphones have been used in recording studios around the world. It developed high-quality microphones at affordable prices for in-home use. It expanded across markets and developed wired and wireless microphones for use with cameras, mobile devices, live music, computers, and more.

9.    RØDE microphones are used in many industries, including film and television, music studios, live music, podcasting, content creation, and more.

10.    RØDE offers multiple categories of microphones: wireless, USB, on-camera, mobile, broadcast, live, shotgun, lavalier and wearable, ribbon, studio condenser, and 360-degree ambisonic. Within each category, RØDE offers multiple models having different features and price points.

11.    RØDE microphones have been extensively reviewed and assessed for their quality. The consensus is clear: RØDE is the go-to manufacturer of high-quality, clear, and durable microphones. Furthermore, given RØDE's deep portfolio of microphones, anyone can find a high-quality microphone within the RØDE line that suits their particular needs and budget.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION

50503949v2

12.    In addition to microphones, RØDE offers audio equipment such as headphones, interfaces, mixers, software, and accessories (e.g., adaptors, cables, boompoles, batteries, chargers, microphone clips, stands, cases, mounts, and more).

13.    RØDE sells its products to customers in 118 countries, including the United States.

14.    RØDE is Freedman's distributor of RØDE products to customers in the United States, Canada, and South America. All RØDE products that enter the United States do so through the Port of Los Angeles or LAX Airport and are then transported to RØDE's receiving facilities located in California.

15.    RØDE also handles all warranty repairs and maintenance for RØDE products distributed to customers in the United States, Canada, and South America.

**The RØDE Marks**

16.    RØDE's brand and reputation are vital to its success.

17.    Since at least as early as December 1, 1995, Plaintiffs have continuously used the mark RØDE throughout the United States in connection with its audio products and related goods and services.

18.    On June 7, 2011, RØDE obtained a federal trademark registration for the mark RØDE, Registration No. 3973968 (the "RØDE Registration"), for use in connection with "microphones; microphone boompoles; microphone mounts; microphone windshields." On September 19, 2013, RØDE assigned all right, title, and interest in and to the RØDE Registration to Freedman, which currently owns it. A true and correct printout of information from the U.S. Patent and Trademark Office's Trademark Status and Document Retrieval electronic database showing the current status and title of the RØDE Registration, along with its registration certificate, is attached as ***Exhibit A***.

19.    Additionally, Freedman owns all right, title, and interest to the design mark that is the subject of Registration No. 4590692 (the "RØDE Design

Registration"), for use in connection with a variety of audio and audio-related goods. The RØDE Design Registration consists of a gold-colored dot and claims prior to International Registration No. 1165107. A true and correct printout of information from the U.S. Patent and Trademark Office's Trademark Status and Document Retrieval electronic database showing the current status and title of the RØDE Design Registration, along with its registration certificate, is attached as ***Exhibit B***.

20.    The RØDE Registration and the RØDE Design Registration are collectively referred to as the "RØDE Marks."

21.    Plaintiffs prominently display the RØDE Marks on their websites, on social media platforms, in printed advertisements and promotional materials, and on each of its products.

22.    Plaintiffs have invested enormous time, energy, and capital in marketing, advertising, promoting, and protecting its products offered under the RØDE Marks and the goodwill generated by those products offered under the RØDE Marks.

23.    Plaintiffs have spent millions of dollars per year on United States marketing, advertising, and promotion of RØDE products and the RØDE Marks.

24.    RØDE generates millions of dollars of annual revenue on sales of goods and services offered under the RØDE Marks.

25.    As a result of Plaintiffs' marketing, advertising, and promotion efforts, consumers closely associate the RØDE Marks with high-quality and affordable audio products backed by the RØDE Warranty and customer support team.

26.    The RØDE Marks are arbitrary and inherently distinctive identifiers of Plaintiffs and their goods and services.

27.    Alternatively, at the very least, the RØDE Marks have acquired secondary meaning as distinctive identifiers of Plaintiffs and their goods and services

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION

50503949v2

as a result of Plaintiffs' continuous use of the RØDE Marks in connection with their audio products and related goods and services throughout the United States.

28.

29.     As a result of Plaintiffs' efforts and use, the RØDE Marks have come to be recognized by the public and members of the trade as associated exclusively with a single source of origin.

30.     Having been promoted widely to the general public, and having been identified exclusively with a single source of origin, the RØDE Marks symbolize and carry the tremendous goodwill associated with Plaintiffs and their goods and services.

**RØDE's Authorised Dealer Network**

31.     Online shopping has become a dominant component of the world economy.

32.     As a result, many companies have launched online marketplaces that allow sellers to list items for sale that can be viewed by and shipped to customers around the world. Amazon.com is one such online marketplace.

33.     While online marketplaces have many advantages, they pose challenges to protecting consumers from unscrupulous actors. For example, because sellers on online marketplaces often sell anonymously, persons can more easily sell defective or counterfeit goods of inferior quality.

34.     Amazon.com has many policies in place to protect the integrity of its online marketplace. One such policy is its Anti-Counterfeiting Policy, which prohibits the sale of inauthentic or non-genuine goods.

35.     Online marketplaces also challenge manufacturers' ability to monitor the quality of its goods sold by third parties.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION

50503949v2

36.    To ensure that its authorized resellers comply with RØDE's high standards and quality control requirements, Plaintiffs operate an Authorised Dealer Network.

37.    Resellers must apply and be accepted to the RØDE Authorised Dealer Network in order to sell RØDE products.

38.    To be accepted, resellers must comply with RØDE's quality control measures, including but not limited to the following:

        a.    Resellers must sell all RØDE products in their original packaging and cannot alter the product's labels or packaging.

        b.    Resellers cannot alter the contents of product labeling or packaging in any way.

        c.    Resellers cannot alter the physical products.

        d.    Resellers cannot advertise that any product is "new" when it was returned open or repackaged.

        e.    Resellers must follow all instructions for storing, handling, shipping, or disposing the products.

        f.    Resellers must be able to provide accessible pre- and post-sale support for customers.

        g.    Resellers must have the technical knowledge or ability to provide end-users appropriate product support.

39.    Plaintiffs periodically audit members of the RØDE Authorised Dealer Network to ensure continued compliance with its quality control requirements.

40.    The quality control requirements for members of the RØDE Authorised Dealer Network are legitimate and substantial, and have been implemented to allow Plaintiffs to control the quality of RØDE products sold on online marketplaces and quickly address quality issues that might arise.

50503949v2

41.    The quality controls imposed through the RØDE Authorised Dealer Network are material, as they have been implemented to ensure consumers purchasing RØDE products on online marketplaces received genuine, high-quality RØDE products that follow Plaintiffs' quality control measures.

42.    All products sold through the RØDE Authorised Dealer Network are backed by an award-winning warranty (the "RØDE Warranty") and customer support team.

43.    RØDE products not sold through the RØDE Authorised Dealer Network are not backed by the RØDE Warranty.

44.    Customers purchasing RØDE products on online marketplaces would and do find it relevant to their purchasing decision to know whether the product they are purchasing is being purchased from a member of the RØDE Authorised Dealer Network, at least because of the applicability or non-coverage by the RØDE Warranty.

**Defendant's Infringing Actions**

45.    Defendant is in the business of selling consumer products for profit.

46.    Defendant operates the Amazon.com storefront titled "Da Lorenzo Shop."

47.    Defendant has sold or allegedly resold products through its Amazon.com storefront since at least 2018. On information and belief, Defendant has sold or allegedly resold products to residents of California through its Amazon.com storefront.

48.    In the course of monitoring online listings of RØDE products, Plaintiffs discovered products bearing the RØDE Marks being offered for sale by Defendant on Amazon.com, without authorization.

49.    Defendant is not a member of the RØDE Authorised Dealer Network. Thus, Defendant is not authorized to sell RØDE products.

50503949v2

50.  On information and belief, Defendant has not applied to be a member of the RØDE Authorised Dealer Network.

51.  Defendant has listed many RØDE-branded products for sale or resale on its Amazon.com storefront. For instance, in January 2023 alone, Defendant offered at least 13 different types of RØDE-branded products for sale on its Amazon.com storefront. These products and their Amazon Standard Identification Numbers ("ASIN") are identified in the chart below.

| Product Title | ASIN |
|---|---|
|  |  |
|  |  |
|  |  |
| RØDE Lavalier GO Professional Wearable Microphone - White | B087HY145N |
| RØDE M3 Multi-Powered Condenser Microphone | B000UXIEPU |
| RØDE NT1 Kit | B00GGGQK56 |
| RØDE NTG-1 Shotgun Condenser Microphone | B00093J07C |
| RØDE NTG-2 Multi-Powered Shotgun Microphone | B00093ESSI |
| RØDE NTG4 Shotgun Microphone | B00SQD8DDY |
| RØDE NTG4+ Shotgun Microphone | B00TV90BF0 |
| RØDE NT-USB USB Condenser Microphone | B00KQPGRRE |
| RØDE Podcaster | B000JM46FY |
| RØDE PSA1 | B001D7UYBO |
| RØDE VideoMic GO Lightweight Directional Shotgun Video Mic | B00GQDORA4 |
| RØDE VideoMic Camera-Mount Shotgun Microphone with Rycote Lyre Shock Mounting | B00CAE8PM4 |

50503949v2

| RØDE Wireless GO II Dual Channel Wireless Microphone System | B08XFQ6KP9 |
|---|---|

52.   The RØDE products Defendant sells on its Amazon.com storefront display the RØDE Marks.

53.   On information and belief, Defendant has re-stickered or altered the labels on RØDE products that it sells on its Amazon.com storefront.

54.   Through its interactive Amazon.com storefront, Defendant has advertised and marketed infringing products bearing the RØDE Marks to consumers in California.

55.   On information and belief, through its interactive Amazon.com storefront, Defendant has accepted and fulfilled significant orders of infringing products bearing the RØDE Marks from consumers in California.

56.   On information and belief, through its interactive Amazon.com storefront, Defendant has shipped significant amounts of infringing products bearing the RØDE Marks to California.

57.   As set forth above, genuine RØDE products purchased through members of the RØDE Authorised Dealer Network come with the RØDE Warranty.

58.   Because Defendant is not an approved member of the RØDE Authorised Dealer Network, the products Defendant sells bearing the RØDE Marks do not come with the RØDE Warranty.

59.   A product's coverage or non-coverage by the RØDE Warranty is material and relevant to a consumer's purchasing decision.

60.   Because the products Defendant sells do not come with the RØDE Warranty, they are materially different from genuine RØDE products.

61.   Defendant's unauthorized sale of products bearing the RØDE Marks is likely to create consumer confusion because consumers who purchase products from

50503949v2

Defendant believe they are purchasing genuine RØDE products that come with the RØDE warranty when they do not.

62.    Defendant's unauthorized sale of products bearing the RØDE Marks infringes the RØDE Marks.

63.    Defendant's unauthorized sale of products bearing the RØDE Marks is harmful to consumers.

64.    Customer reviews of Defendant's Amazon.com storefront show that consumers have believed Defendant sold non-genuine, or "counterfeit," goods.

⭐☆☆☆☆    "Counterfeit"

By Genesis Lafont on July 30, 2021.

65.    Despite these facts, Defendant has sold products bearing the RØDE Marks through its Amazon.com storefront without Plaintiffs' consent.

66.    On January 21, 2023, Plaintiffs filed complaints with Amazon.com regarding several products Defendant listed on its storefront bearing the RØDE Marks.

67.    On information and belief, Amazon.com removed the listings for the complained-of products listed on Defendant's Amazon.com storefront.

68.    On information and belief, Defendant is protesting the removal of its listings for the complained-of products to Amazon.com.

69.    Even after receiving notice of its infringing actions, Defendant *continues* to list RØDE products on its Amazon.com storefront, including the RØDE NTG4+ Shotgun Microphone. A true and correct copy of the listing for this product on Defendant's storefront is attached as ***Exhibit C***.

70.    The top Amazon.com review for the RØDE NTG4+ Shotgun Microphone identifies RØDE's warranty as a positive factor in the reviewer's purchasing decision.

71.    On information and belief, Defendant intends to continue selling RØDE products in the future, despite not being an approved member of the RØDE Authorised Dealer Network.

**Plaintiffs Have Suffered Significant Harm from Defendant's Conduct**

72.    Defendant's unauthorized sale of products bearing the RØDE Marks has caused significant harm to Plaintiffs and the RØDE brand.

73.    When a consumer receives a non-genuine, damaged, or poor-quality product that does not come with the RØDE Warranty from an unauthorized reseller, such as Defendant, the consumer associates the negative experience with Plaintiffs.

74.    Plaintiffs have suffered, and will continue to suffer, significant monetary harm as a result of Defendant's actions, including but not limited to loss of sales, damage to their intellectual property, damage to their brand and reputation, and damage to their existing and potential business relations.

75.    Plaintiffs have suffered, and will continue to suffer, irreparable harm to their reputation, goodwill, business and customer relationships, intellectual property rights, and brand integrity.

76.    Plaintiffs are entitled to injunctive relief because on information and belief Defendant intends to continue unlawfully selling RØDE products and infringe the RØDE Marks, causing continued irreparable harm to Plaintiffs' reputation, goodwill, relationships, intellectual property, and brand integrity.

77.    Defendant's conduct was and is knowing, intentional, willful, malicious, wanton, and contrary to law.

78.    Defendant's willful violations of the RØDE Marks and continued pattern of misconduct demonstrates intent to harm Plaintiffs.

50503949v2

## COUNT I

### TRADEMARK INFRINGEMENT IN

### VIOLATION OF 15 U.S.C. §§ 1114 and 1125(a)(1)(a)

79.    Plaintiffs repeat and reallege all allegations of the preceding paragraphs as though set forth fully herein.

80.    Plaintiffs are the owners of the RØDE Mark.

81.    Plaintiffs have registered the RØDE Marks with the United States Patent and Trademark Office.

82.    The RØDE Marks are valid and subsisting trademarks in full force and effect.

83.    Defendant is not an approved member of the RØDE Authorised Dealer Network.

84.    Defendant is not authorized to sell products bearing the RØDE Marks.

85.    Through its Amazon.com storefront, Defendant has sold and intends to continue selling products bearing the RØDE Marks.

86.    The products Defendant sold and intends to continue selling bearing the RØDE Marks do not come with the RØDE Warranty.

87.    Because the products Defendant sold and intends to continue selling do not come with the RØDE Warranty, the products Defendant sold and intends to continue selling are materially different from genuine RØDE products.

88.    Because the products Defendant sold and intends to continue selling do not come with the RØDE Warranty, the products Defendant sold and intends to continue selling are not genuine RØDE products.

89.    Defendant's unauthorized sale of products bearing the RØDE Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant offers come with the RØDE Warranty when they do not.

50503949v2

90. Defendant's unauthorized sale of products bearing the RØDE Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant sold and intends to continue offering for sale are genuine RØDE products when they are not.

91. Defendant's unauthorized sale of products bearing the RØDE Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant sold and intends to continue offering for sale are sponsored by, authorized by, or otherwise connected with RØDE when they are not.

92. Defendant's unauthorized use of the RØDE Marks has infringed upon and materially damaged the value of the RØDE Marks and caused damage to Plaintiffs' business relationships.

93. As a proximate result of Defendant's actions, Plaintiffs have suffered, and will continue to suffer, immediate and irreparable harm. Plaintiffs have also suffered, and will continue to suffer, damages, including but not limited to loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

94. Plaintiffs are entitled to recover their damages caused by Defendant's infringement of the RØDE Marks and disgorge Defendant's profits from their willfully infringing sales and unjust enrichment.

95. Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116 because they have no adequate remedy at law for Defendant's infringement and unless Defendants are permanently enjoined, Plaintiffs will suffer irreparable harm.

96. Plaintiffs are entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants willfully, intentionally, maliciously, and in bad faith infringed on the RØDE Marks.

50503949v2

# COUNT II

## FALSE ADVERTISING IN

## VIOLATION OF 15 U.S.C. § 1125(a)(1)(b)

97.    Plaintiffs repeat and reallege all allegations of the preceding paragraphs as though set forth fully herein.

98.    Plaintiffs are the owners of the RØDE Marks.

99.    Plaintiffs have registered the RØDE Marks with the United States Patent and Trademark Office.

100.    The RØDE Registration is a valid and subsisting trademark in full force and effect.

101.    Defendant is not an approved member of the RØDE Authorised Dealer Network.

102.    Defendant is not authorized to sell products bearing the RØDE Mark.

103.    The products Defendant sold and intends to continue selling bearing the RØDE Marks do not come with the RØDE Warranty.

104.    Through its Amazon.com storefront, Defendant has and intends to continue willfully and knowingly using the RØDE Marks in interstate commerce for the purposes of advertising, promoting, and selling RØDE products without Plaintiffs' consent.

105.    Defendant's advertisements and promotions of their products unlawfully using the RØDE Marks have been disseminated to the relevant purchasing public.

106.    Defendants have used, and intend to continue using, the RØDE Marks to falsely advertise that the products it sells come with the RØDE Warranty when they do not.

107.    Defendant's use of the RØDE Marks in connection with the unauthorized advertising, promotion, and sale of products bearing the RØDE Marks

50503949v2

misrepresents the nature, characteristics, qualities, and origin of Defendants' products because it suggests that the products come with the RØDE Warranty when they do not.

108.   Because the products Defendant sold and intends to continue selling do not come with the RØDE Warranty, the products Defendant sold and intends to continue selling are materially different from genuine RØDE products.

109.   Because the products Defendant sold and intends to continue selling do not come with the RØDE Warranty, the products Defendant sold and intends to continue selling are not genuine RØDE products.

110.   Defendant's unauthorized sale of products bearing the RØDE Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant offers come with the RØDE Warranty when they do not.

111.   Defendant's unauthorized sale of products bearing the RØDE Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant sold and intends to continue offering for sale are genuine RØDE products when they are not.

112.   Defendant's unauthorized sale of products bearing the RØDE Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant sold and intends to continue offering for sale are sponsored by, authorized by, or otherwise connected with RØDE when they are not.

113.   Defendant's unauthorized use of the RØDE Marks has infringed upon and materially damaged the value of the RØDE Marks and caused damage to Plaintiffs' business relationships.

114.   As a proximate result of Defendant's actions, Plaintiffs have suffered, and will continue to suffer, immediate and irreparable harm. Plaintiffs have also suffered, and will continue to suffer, damages, including but not limited to loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

50503949v2

115.   Plaintiffs are entitled to recover their damages caused by Defendant's infringement of the RØDE Marks and disgorge Defendant's profits from their willfully infringing sales and unjust enrichment.

116.   Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116 because they have no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, Plaintiffs will suffer irreparable harm.

117.   Plaintiffs are entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on the RØDE Marks.

## COUNT III

### UNFAIR COMPETITION IN

### VIOLATION OF 15 U.S.C. § 1125(a)

118.   Plaintiffs repeat and reallege all allegations of the preceding paragraphs as though set forth fully herein.

119.   Plaintiffs are the owners of the RØDE Marks.

120.   Plaintiffs have registered the RØDE Marks with the United States Patent and Trademark Office.

121.   The RØDE Registration is a valid and subsisting trademark in full force and effect.

122.   Defendant is not an approved member of the RØDE Authorised Dealer Network.

123.   Defendant is not authorized to sell products bearing the RØDE Mark.

124.   The products Defendant sold and intends to continue selling bearing the RØDE Marks do not come with the RØDE Warranty.

125.   Because the products Defendant advertised and sold, and intends to continue advertising and selling, bearing the RØDE Marks do not come with the

50503949v2

RØDE Warranty, the products Defendant sells and intends to continue selling are materially different from genuine RØDE products.

126.  Because the products Defendant advertised and sold, and intends to continue advertising and selling, bearing the RØDE Marks do not come with the RØDE Warranty, the products Defendant sells and intends to continue selling are not genuine RØDE products.

127.  Defendant's unauthorized sale of products bearing the RØDE Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant sold and intends to continue offering for sale are genuine RØDE products when they are not.

128.  Defendant's unauthorized use of the RØDE Marks has infringed upon and materially damaged the value of the RØDE Marks and caused significant damage to Plaintiffs' business relationships.

129.  As a proximate result of Defendant's actions, Plaintiffs have suffered, and will continue to suffer, immediate and irreparable harm. Plaintiffs have also suffered, and will continue to suffer, damages, including but not limited to loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

130.  Plaintiffs are entitled to recover their damages caused by Defendant's infringement of the RØDE Marks and disgorge Defendant's profits from their willfully infringing sales and unjust enrichment.

131.  Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116 because they have no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, Plaintiffs will suffer irreparable harm.

132.  Plaintiffs are entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on the RØDE Marks.

50503949v2

# COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

133.   Plaintiffs repeat and reallege all allegations of the preceding paragraphs as though set forth fully herein.

134.   Plaintiffs are the owners of the RØDE Marks.

135.   Plaintiffs have registered the RØDE Marks with the United States Patent and Trademark Office.

136.   The RØDE Registration is a valid and subsisting trademark in full force and effect.

137.   The RØDE Marks is distinctive and widely recognized by the consuming public. RØDE products are sold and purchased through RØDE's Authorised Dealer Network throughout the United States, including California.

138.   RØDE is widely recognized as the designated source of goods bearing the RØDE Marks.

139.   Defendant willfully and knowingly used, and intends to continue using, the RØDE Marks in interstate commerce for purposes of selling non-genuine RØDE products on the Internet without Plaintiffs' consent.

140.   The products Defendant sold and intends to continue selling bearing the RØDE Marks are not authorized for sale by Plaintiffs.

141.   The products Defendant sold and intends to continue selling bearing the RØDE Marks do not come with the RØDE Warranty.

142.   Because the products Defendant sold and intends to continue selling bearing the RØDE Marks do not come with the RØDE Warranty, the products Defendant sold and intends to continue selling are materially different from genuine RØDE products.

50503949v2

143.   Because the products Defendant sold and intends to continue selling bearing the RØDE Marks do not come with the RØDE Warranty, the products Defendant sold and intends to continue selling are not genuine RØDE products.

144.   Defendant's unauthorized sale of products bearing the RØDE Marks interferes with RØDE's quality controls and ability to exercise quality control over products bearing the RØDE Mark.

145.   Defendant's unauthorized sale of products bearing the RØDE Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant sold and intends to continue offering for sale come with the RØDE Warranty when they do not.

146.   Defendant's unauthorized sale of products bearing the RØDE Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant sold and intends to continue offering for sale are genuine RØDE products when they are not.

147.   Defendant's unauthorized use of the RØDE Marks has infringed upon and materially damaged the value of the RØDE Marks and caused significant damage to Plaintiffs' business relationships.

148.   As a proximate result of Defendant's actions, Plaintiffs have suffered, and will continue to suffer, immediate and irreparable harm. Plaintiffs have also suffered, and will continue to suffer, damages, including but not limited to loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

149.   Plaintiffs are entitled to recover their damages caused by Defendant's infringement of the RØDE Marks and disgorge Defendant's profits from their willfully infringing sales and unjust enrichment.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION

50503949v2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**COUNT V**</u>

**UNFAIR COMPETITION IN VIOLATION OF**

**CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,** ***et seq.***

150.   Plaintiffs repeat and reallege all allegations of the preceding paragraphs as though set forth fully herein.

151.   Plaintiffs are the owners of the RØDE Marks.

152.   Plaintiffs have registered the RØDE Marks with the United States Patent and Trademark Office.

153.   The RØDE Registration is a valid and subsisting trademark in full force and effect.

154.   Defendant is not an approved member of the RØDE Authorised Dealer Network.

155.   Defendant is not authorized to sell products bearing the RØDE Marks.

156.   The products Defendant sold and intends to continue selling bearing the RØDE Marks do not come with the RØDE Warranty.

157.   Because the products Defendant advertised and sold, and intends to continue advertising and selling, bearing the RØDE Marks do not come with the RØDE Warranty, the products Defendant sells and intends to continue selling are materially different from genuine RØDE products.

158.   Because the products Defendant advertised and sold, and intends to continue advertising and selling, bearing the RØDE Marks do not come with the RØDE Warranty, the products Defendant sells and intends to continue selling are not genuine RØDE products.

159.   Defendant's unauthorized sale of products bearing the RØDE Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant sold and intends to continue offering for sale are genuine RØDE products when they are not.

50503949v2

160.   Defendant's actions and business practices constitute a common course of unfair competition by means of unfair, unlawful, or fraudulent acts or practices, in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

161.   As a proximate result of Defendant's actions, Plaintiffs have suffered, and will continue to suffer, immediate and irreparable harm. Plaintiffs have also suffered, and will continue to suffer, damages, including but not limited to loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

162.   Plaintiffs are entitled to recover their damages caused by Defendant's infringement of the RØDE Marks and disgorge Defendant's profits from their willfully infringing sales and unjust enrichment.

163.   Plaintiffs are entitled to injunctive relief under Cal. Bus. & Prof. Code §§ 17200, *et seq*. because they have no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, Plaintiffs will suffer irreparable harm.

164.   Plaintiffs are further entitled to restitution of those amounts unlawfully obtained by Defendant through its wrongful conduct.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs requests a judgment against Defendant as follows:

A.     Judgment in favor of Plaintiffs and against Defendant in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre- and post-judgment interest, as permitted by law;

B.     A permanent injunction enjoining Defendant and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendant, and all of those in active concert or participation with Defendant (the "Enjoined Parties") as follows:

50503949v2

a.  Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all RØDE products;

b.  Prohibiting the Enjoined Parties from using the RØDE Marks in any manner, including advertising on the Internet;

c.  Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all RØDE products as well as any products bearing the RØDE Mark;

d.  Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the RØDE Marks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendant has sold bearing the RØDE Mark;

e.  Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any RØDE products, or the RØDE Mark;

f.  Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (e.g., Google, Yahoo!, Bing) to remove from the Internet any uses of the RØDE Marks which associate RØDE products or the RØDE Marks with the Enjoined Parties or the Enjoined Parties' website;

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION

50503949v2

g.    Requiring the Enjoined Parties to take all action to remove unauthorized uses of the RØDE Marks from the Internet, including from the website www.amazon.com;

C.    An award of attorneys' fees, costs, and expenses;

D.    Such other and further relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: February 13, 2023

Respectfully submitted,

**LATHROP GPM LLP**

By: */s/ Ronald Valenzuela*
Ronald A. Valenzuela (No. 210025)
LATHROP GPM LLP
2049 Century Park East
Los Angeles, CA 90067
Ronald.Valenzuela@lathropgpm.com
Tel: (310) 789-4600
Fax: (310) 789-4601

Richard P. Beem (*pro hac vice* forthcoming)
155 North Wacker Drive, Suite 3000
Chicago, IL 60606
richard.beem@lathropgpm.com
Tel : (312) 920-3300
Fax : (312) 920-3301

*Attorneys for Plaintiffs*

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION

50503949v2